James J. O'Rourke, Esq.
JAMES J. O'ROURKE & ASSOCIATES PLLC
646 Main Street, Suite 105
Port Jefferson, New York 11777
(631) 361-3400
jamesjorourke@yahoo.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EDGAR NERIS on behalf of himself and
all other persons similarly situated,

                         Plaintiff,

    -v-

R.J.D. CONSTRUCTION, INC. and
RICHARD J. DAILEY, Individually,

                         Defendants.
-----------------------------------------------------------------x

Docket No. 18-cv-01701-ADS-AKT

**AFFIRMATION IN OPPOSITION
TO PLAINTIFF'S MOTION**

**S I R S:**

      JAMES J. O'ROURKE, an attorney duly admitted to practice law in the Eastern District of New York, hereby affirms the following to be true under the penalties of perjury:

      1. I am the attorney for the Defendants, R.J.D. CONSTRUCTION, INC. and RICHARD J. DAILEY, and respectfully submit this Affirmation in opposition to Plaintiff's motion.

      2. Defendants request this Court deny Plaintiff's motion for an Order (1) permitting Plaintiff to proceed as a collection action pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C 216(b); (2) compelling Defendants to furnish the names, last known addresses, telephone numbers and dates of employment for those individuals similarly situated to Plaintiff; and (3) authorizing Plaintiffs to circulate a Notice of Pendency and Consent to Join form in English and Spanish to all individuals similarly situated to Plaintiffs.

1

## PLAINTIFF SHOULD NOT PROCEED AS A COLLECTION ACTION PURSUANT TO SECTION 216(b) OF THE FAIR LABOR STANDARDS ACT

3. Plaintiff seeks conditional certification based on allegations set forth by way of Declaration. Plaintiff's Declaration fails to meet even a lenient burden in establishing that other employees were purportedly similarly situated.

4. The sole basis of the evidence Plaintiff has set forth in support of certification is articulated by means of vague, general and ambiguous hearsay.

5. Plaintiff's Declaration alleges that he and co-workers discussed among themselves that they were not paid time and one-half hours after 40 hours per week. (Declaration of Edgar Neris, Paragraph 12).

6. Plaintiff's Declaration claims he has knowledge that other construction workers employed by Defendants "completed and signed two separate time sheets." (Declaration of Edgar Neris, Paragraph 12). No basis for this claim is stated, but rather Mr. Neris simply makes the assertion of possessing knowledge, a bare conclusion, and provides no basis for that alleged knowledge, and no clarification or documentary evidence to support possession of that knowledge.

7. Other than a general claim, based on ambiguous and vague conversations, that other workers were not paid overtime, no evidence has been set forth to establish that other individuals are potentially similarly situated to Plaintiff.

8. Further, Plaintiff failed to adequately define the class or collective group purportedly similarly situated. Plaintiff alleges that general discussions with some co-workers gave him the belief that others were not being paid overtime, but no specifics are given. No particularity was provided as to the identities of these purported individuals, whether they even worked for R.J.D. Construction, Inc., or whether they were mere subcontractors. Plaintiff has failed to set forth sufficient evidence to define a collective group other than a general, ambiguous and conclusory

2

claim of the existence of so-called co-workers, some of whom purportedly claim to have not been paid overtime as required to the Plaintiff.

### DEFENDANTS SHOULD NOT BE COMPELLED TO FURNISH THE NAMES, LAST KNOWN ADDRESSES, TELEPHONE NUMBERS AND DATES OF EMPLOYMENT FOR INDIVIDUALS PURPORTEDLY SIMILARLY SITUATED TO PLAINTIFF

9. As discussed above, the prospective class or group of individuals purportedly similarly situated to Plaintiff has not been clearly defined or articulated. As such, Defendants cannot be compelled to furnish the last known addresses, telephone numbers and dates of employment, as the request would appear to be overbroad.

10. No credible basis has been articulated to compel such information of all former employees, and Plaintiff's request must be denied.

### PLAINTIFF SHOULD NOT BE AUTHORIZED TO CIRCULATE A NOTICE OF PENDENCY AND CONSENT TO JOIN FORM

11. It is the Defendant's position that a Notice of Pendency and Consent to Join form should not be authorized. The prospective class or group of individuals similarly situated has not been defined clearly enough to articulate to former or current employees whether or not they are similarly situated to Plaintiff. No dates, or even full names have been provided. No job names or job site locations were referenced or provided. R.J.D. Construction, Inc. employs a variety of sub-contractors, many of whom may be the individuals alleged to have spoken to the Plaintiff!

### IN THE EVENT THIS COURT AUTHORIZES PLAINTIFF TO CIRCULATE A NOTICE OF PENDENCY AND CONSENT TO JOIN FORM, PLAINTIFF'S PROPOSED FORM MUST BE MODIFIED

12. Plaintiff has provided a proposed Notice of Pendency and Consent to Join form. Should this Court authorize conditional certification under FLSA 216(b), it is the Defendants' position that the proposed form should be modified.

13. The Defendants submit that subdivision 4 of Plaintiff's proposed Notice of Pendency should place the explanation of a prospective member's right to proceed *pro se* or to hire their own attorney as the first paragraph.

14. The Defendants submit that subdivision 6 of Plaintiff's proposed Notice of Pendency should be removed. It states "If you join the lawsuit, you will become a 'party plaintiff' and will be represented by Peter A. Romero, Esq.", which is inconsistent with their rights and potentially confusing to members of any prospective class.

15. The Defendants submit that the contact information of Defense Counsel should also be noted and placed conspicuously within the Notice of Pendency.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray judgment be granted against plaintiff denying condition certification under FLSA 216(b), denial of an Order compelling Defendants to provide the names, telephone numbers and last known addresses of employees, denial of the authorization of the circulation of a Notice of Pendency and Consent to Join form, or in the alternative of a denial of such authorization of such Notice, an Order modifying Plaintiff's proposed Notice of Pendency and such other further and different relief as to this court may be just and proper.

Dated: Port Jefferson, New York
June __, 2018

James J. O'Rourke, III
JAMES J. O'ROURKE & ASSOCIATES, PLLC
*Attorneys for Defendants*
646 Main Street, Suite 105
Port Jefferson, New York 11777
(631) 361-3400

To: Peter A. Romero, Esq.
LAW OFFICES OF
PETER A. ROMERO, PLLC
*Attorney for Plaintiff*
103 Cooper Street
Babylon, New York 11702
(631) 257-5588

4