```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
```
EDGAR NERIS on behalf of himself and all
other persons similarly situated,

                            Plaintiff,

            - against -

R.J.D. CONSTRUCTION, INC., and
RICHARD J. DAILEY, individually,

                          Defendants.

**MEMORANDUM
AND ORDER**

CV 18-1701 (ADS) (AKT)

```
----------------------------------------------------------X
```
**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiff Edgar Neris ("Plaintiff") commenced this putative collective and class action against Defendants R.J.D. Construction, Inc. and Richard J. Dailey (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), Article 6 §§ 191 and Article 19 §§ 650 *et seq.*, and the New York Codes, Rules, and Regulations ("NYCRR") tit. 12 §§ 142 *et seq*. *See generally* Plaintiff's Complaint ("Compl.") [DE 1]. Plaintiff seeks to recover, among other things, for Defendants' alleged failure to pay overtime wages and failure to provide mandated wage notices and wage statements. *See id*. Plaintiff now moves for conditional certification as a collective action and for permission to disseminate court-authorized notice, pursuant to Section 216(b) of the FLSA. *See generally* Plaintiff's Memorandum in Support of its Motion for Conditional Certification ("Pl.'s Mem.") [DE 9-2]; Plaintiff's Memorandum in Reply ("Pl.'s Reply") [DE 15]. Defendants oppose Plaintiff's motion solely in an Attorney Affirmation, arguing primarily that the only evidence Plaintiff has provided in support of certification "is articulated by means of vague, general and ambiguous hearsay." Defendants' Affirmation in Opposition to Plaintiff's Motion

("Defs.' Opp'n.") [DE 12]. For the reasons set forth below, Plaintiff's motion is GRANTED, subject to the directives in this Memorandum and Order.

## II. BACKGROUND

### A. Factual Background

#### 1. *Plaintiff's Complaint*

The Court takes the following allegations from Plaintiff's Complaint. Defendants are engaged in the construction business. Compl. ¶ 15. Plaintiff worked for the Defendants as a manual laborer from around February 2001 until January 2016. *Id*. ¶¶ 9, 16. While working for Defendants, Plaintiff regularly worked in excess of 40 hours per week. *Id*. ¶ 17. During the busy months of the year, Plaintiff regularly worked Monday through Saturday, beginning work at approximately 6:30 a.m. each morning. *Id*. Defendants did not pay Plaintiff overtime compensation at the rate of one and one-half times his regular pay for hours worked in excess of 40 per week. *Id*. ¶ 18. Defendants also failed to maintain accurate records of the hours worked by Plaintiff, and failed to provide Plaintiff with any wage notice or wage statements. *Id*. ¶¶ 19-22. Plaintiff also states that there are many current and former employees of Defendants who were treated in the same manner as he was. *Id*. ¶ 24.

#### 2. *Plaintiff's Declaration in Support of the Instant Motion*

In support of his motion for conditional certification as a collective action, Plaintiff submits a declaration in which he attests to certain facts regarding his employment. *See* Plaintiff's Declaration in Support of his Motion for Conditional Certification ("Pl.'s Decl.") [DE 9-1]. Plaintiff states that he worked for Defendants from 2001 to January 2016, and during this time, he worked six days a week, and in excess of 40 hour per week for most work weeks. *Id*. ¶¶ 3-4. While working for Defendants, he was paid hourly, beginning at around $12.50 per hour when he started and eventually being paid $28 per hour at the end of his employment. *Id*.

¶ 5. According to Plaintiff, he was paid his regular hourly rate for all hours worked, including those worked in excess of 40 per week, with his pay for all hours up to 40 being made by check. *Id*. ¶ 7. Payment for any hours worked in excess of 40 was made in cash at his normal hourly rate/straight time. *Id*. Plaintiff states that Defendants required him to complete and sign two time sheets for each pay period, one showing that Plaintiff worked no more than 40 hours in a given week, and the other indicating the actual amount of hours Plaintiff worked in a given week. *Id*. ¶ 8. Plaintiff has attached to his declaration examples of these time sheets, along with examples of documents he states he received with his wages.

According to Plaintiff, Defendants employed many other construction workers with whom Plaintiff worked. Pl.'s Decl. ¶ 9. These workers included, but were not limited to, "Lauro Lybycura, Kleber Lybycura, David George, Fernando Arias, Miguel, Luis Lybycura, Luis, Samuel, Morgan, Charlie, Carlos, Mickey, Umberto, Francisco, Jorge, Enrique, Tommy, [and] Billy." *Id*. ¶ 10. Plaintiff personally witnessed his co-workers working more than 40 hours each week because, as he states, he worked with them. *Id*. ¶ 11. He also claims that he "know[s] that the other construction workers were subject to the same FLSA violations because they all completed and signed two separate time sheets." *Id*. ¶ 12. Plaintiff additionally points out that he and his co-workers discussed among themselves the fact that Defendants paid them for all hours worked at their regular rates of pay and did not pay them time and one-half for hours worked in excess of 40 each week. *Id*. ¶ 13. Based on his "regular" discussions with them, Plaintiff states that he "knows [his] co-workers were not paid overtime compensation at the rate of one-half times their regular rate of pay for all hours worked after 40 hours in a workweek." *Id*. ¶ 14.

B.  **Relevant Procedural Background**

Plaintiff commenced this action on March 19, 2018. *See* DE 1. After being granted an extension of time to respond, Defendants filed their Answer on April 24, 2018. *See* DE 8. Shortly thereafter, on April 25, 2018, Plaintiff filed his motion for conditional certification as a collective action. *See* DE 9. This Court met with counsel for the parties at the Initial Conference on June 11, 2018. *See* DE 13. On September 26, 2018, Plaintiff's motion for conditional certification was referred to this Court for a decision.[1] *See* DE 18. Subsequently, in advance of the October 29, 2018 Discovery Status Conference, the parties submitted a Discovery Status Report indicating that all paper production was complete and other discovery was proceeding as scheduled. *See* DE 21. In light of these representations, the Court adjourned the Discovery Status Conference without date and held all discovery deadlines in abeyance pending the resolution of Plaintiff's motion for conditional certification. *See* Electronic Orders dated January 31 2019 and February 5, 2019.

**III. APPLICABLE LAW**

A.  **Legal Standard for Conditional Certification**

The FLSA provides, in pertinent part, as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee

---

[1] Although Judge Spatt "referred" this motion, this Court has the authority to grant or deny conditional certification in the first instance "because such a determination is a non-dispositive matter." *Bijoux v. Amerigroup New York, LLC*, No. 14-CV-3891, 2015 WL 5444944, at *1 (E.D.N.Y. Sept. 15, 2015) (quoting *McEarchen v. Urban Outfitters, Inc.,* No. 13-CV-03569, 2014 WL 4701164, at *1 n.1 (E.D.N.Y. Sept. 23, 2014)).

> shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Section 216(b) provides an employee with a private right of action to recover overtime compensation and/or minimum wages. *Id.*; *Cabrera v. Stephens*, No. 16-CV-3234, 2017 WL 4326511, at *4 (E.D.N.Y. Sept. 28, 2017) (citing *Bifulco v. Mortg. Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009)) ("The FLSA provides a private right of action to recover unpaid overtime compensation and/or minimum wages."); *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 57 (E.D.N.Y. 2011) (citing 29 U.S.C. § 216(b)); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003) (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997)). "Although the FLSA does not contain a class certification requirement, such orders are often referred to in terms of 'certifying a class.'" *Bifulco*, 262 F.R.D. at 212 (quoting *Parks v. Dick's Sporting Goods, Inc.*, No. 05 Civ. 6590, 2007 WL 913927, at *3 (W.D.N.Y. Mar. 23, 2007)).

Courts within the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective action. *See Myers v. Hertz Corp.*, 624 F.3d 537, 544-45 (2d Cir. 2010) (noting that district courts within this Circuit have "coalesced around a two-step method" for analyzing collective action certification); *see also Keawsri v. Ramen-Ya Inc.*, No. 17-CV-2406, 2018 WL 279756, at *5 (S.D.N.Y. Jan. 2, 2018) (citing *Myers*, 624 F.3d 544-45); *Bijoux v. Amerigroup New York, LLC*, No. 14-CV-3891, 2015 WL 4505835, at *2 (E.D.N.Y. July 23, 2015) (citing the same), *report and recommendation adopted* by 2015 WL 5444944 (E.D.N.Y. Sept. 15, 2015). First, the court determines whether the proposed collective members are "similarly situated." *Puglisi v. TD Bank, N.A.*, 998 F. Supp. 2d 95, 99 (E.D.N.Y. 2014) (quoting *Kalloo v. Unlimited Mech. Co. of NY, Inc.*, 908 F. Supp. 2d 344, 346 (E.D.N.Y.

2012)); *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (quoting *Myers*, 624 F.3d at 555). If the court decides in the affirmative, then the proposed collective members must consent in writing to be bound by the result of the suit, or "opt-in." *McGlone,* 867 F. Supp. 2d at 442 (citing *Cunningham v. Elec. Data Sys. Corp*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010)); *see* 29 U.S.C. § 216(b). The second step, which typically occurs after the completion of discovery, requires the court to make factual findings whether the collective members are actually similarly situated. *Rosario v. Valentine Ave. Discount Store, Co.*, 828 F. Supp. 2d 508, 514 (E.D.N.Y. 2011) (quoting *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)). "At that juncture, the court examines the evidentiary record to determine whether the 'opt-in' plaintiffs are, in fact, similarly situated to the named plaintiff." *Bifulco*, 262 F.R.D. at 212 (quoting *Hens v. ClientLogic Operating Corp.*, No. 05-381S, 2006 WL 2795620, at *4 (W.D.N.Y. Sept. 26, 2006)).

The instant motion concerns only the first step – whether the proposed opt-in members are "similarly situated" such that conditional certification should be granted. At this stage, "the evidentiary standard is lenient," *Bifulco*, 262 F.R.D. at 212 (quoting *Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334, 336 (W.D.N.Y. Aug. 8, 2008)), and plaintiffs need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann*, 982 F. Supp. at 261); *see, e.g.*, *Perez v. Allstate Ins. Co.*, No. 11-CV-1812, 2014 WL 4635745, at *5 (E.D.N.Y. Sept. 16, 2014); *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 552 (S.D.N.Y. 2013); *Cano v. Four M Food Corp.*, No. 08-CV-3005, 2009 WL 5710143, at *3 (E.D.N.Y. Feb 3, 2009); *Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008). "In making this showing, 'nothing more than substantial allegations that the putative

class members were together the victims of a single decision, policy or plan' is required." *Sexton v. Franklin First Fin., Ltd.*, No. 08-CV-4950, 2009 WL 1706535, at *3 (E.D.N.Y. June 16, 2009) (quoting *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005)). Moreover, courts have repeatedly stated that Section 216(b)'s "similarly situated" requirement is "considerably less stringent" than the requirements for class certification under Federal Rule of Civil Procedure 23, and "that a party seeking to maintain a collective action need not meet the requirements of Rule 23 for class certification." *Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 481 (E.D.N.Y. 2001) (collecting cases); *see Dilonez v. Fox Linen Serv., Inc.*, 35 F. Supp. 3d 247, 252 (E.D.N.Y. 2014) (citing *Puglisi*, 998 F. Supp. 2d at 98-99, at *2; FED. R. CIV. P. 23).

At the initial certification stage, courts do not require proof of an actual FLSA violation, but rather require the existence of a "'factual nexus' [ ] between the plaintiff's situation and the situation of other potential plaintiffs." *Sobczak v. AWL Indus., Inc.*, 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (quoting *Wraga v. Marble Lite, Inc.*, No. 05-CV-5038, 2006 WL 2443554, at *1 (E.D.N.Y. Aug. 22, 2006)); *see Fa Ting Wang v. Empire State Auto Corp.*, No. 14-CV-1491, 2015 WL 4603117, at *6 (E.D.N.Y. 2015); *see also Calderon v. King Umberto, Inc.*, 892 F. Supp. 2d 456, 459 (E.D.N.Y. 2012) (citing *Jackson v. N.Y. Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995)). This determination is typically based on the pleadings, affidavits, and declarations submitted by the plaintiff or plaintiffs. *See generally Fa Ting Wang*, 2015 WL 4603117, at *5-6 (citing *Kalloo v. Unlimited Mech. Co. of N.Y., Inc.*, 908 F. Supp. 2d 344, 346 (E.D.N.Y. 2012), *Brabham v. Mega Tempering & Glass Corp.*, No. 13 Civ. 54, 2013 WL 3357722, at *3 (E.D.N.Y. July 3, 2013)); *see also Robles v. Liberty Rest. Supply Corp.*, No. 12-CV-5021, 2013 WL 6684954, at *5 (E.D.N.Y. Dec. 18, 2013) (citing the same).

"Although plaintiff's 'burden of proof is low, it is not non-existent — certification is not automatic.'" *Elamrani v. Henry Limousine, Ltd.*, No. CV 15-2050, 2016 WL 5477590, at *4 (E.D.N.Y. Sept. 28, 2016) (quoting *Sanchez v. JMP Ventures, L.L.C.*, 2014 WL 465542, at *1 (S.D.N.Y. 2014)). As the Second Circuit has explained, "[t]he 'modest factual showing' cannot be satisfied simply by 'unsupported assertions.'" *Myers*, 624 F.3d at 555 (quoting *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991)); *see Morales v. Plantworks, Inc.*, No. 05-CV-2349, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (quoting Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, 7B Federal Practice and Procedure: Civil 3d § 1807, at 487-53 (2005)) (stating that "conclusory allegations are not enough" to meet the "modest factual showing" at the first stage of collective action certification).

The standard of proof, however, should still remain "low . . . because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555 (citing *Hoffman*, 982 F. Supp. at 261) (emphasis in original); *see Trinidad*, 962 F. Supp. 2d at 553 (quoting the same). With this in mind, courts have found that the allegations in the pleadings and the "personal observations of one plaintiff's affidavit" are "sufficient to make the modest factual showing necessary to conditionally certify" a collective. *Hernandez v. NGM Mgmt. Grp. LLC*, No. 12-CV-7795, 2013 WL 5303766, at *3 (S.D.N.Y. Sept. 20, 2013) (collecting cases); *see Ella Shillingford v. Astra Home Care, Inc. d/b/a True Care Home Healthcare*, No. 16 CIV. 6785, 2018 WL 1033243, at *3 (S.D.N.Y. Feb. 23, 2018) ("Accordingly, an FLSA collective action may be conditionally certified upon even a single plaintiff's affidavit.") (citation omitted); *see also Cabrera v. Stephens*, No. 16CV3234, 2017 WL 4326511, at *5 (E.D.N.Y. Sept. 28, 2017) ("Conditional certification is regularly granted based upon a complaint and one or two affidavits that collectively demonstrate the requisite nexus.")

(citation omitted); *see also Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-CV-2625, 2015 WL 4240985, at *3 (S.D.N.Y. July 13, 2015) (finding that the allegations in the complaint and the affidavit of one named plaintiff "met the minimal burden at this preliminary stage of demonstrating that [the plaintiffs] were subject to a common policy or practice and were 'similarly situated' to one another and to potential opt-in plaintiffs").

IV. **DISCUSSION**

    A. **Conditional Certification**

Plaintiff seeks, among other relief, to conditionally certify as a collective "all construction workers who give their consent in writing to become a party plaintiff and who worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms." Pl.'s Mem. at 2. Plaintiff has attempted to meet his modest factual burden for conditional certification by way of (i) a declaration as to his own observations and his conversations with co-workers, and (ii) copies of time sheets and wage statements he received while employed for Defendants, which he has attached to his declaration. In opposition, Defendants argue that Plaintiff's assertions are too "vague, general and ambiguous" to surmount even the lenient evidentiary standard at the conditional certification state.[2] Defs.' Opp'n. ¶ 4. The Court disagrees.

Plaintiff's declaration sets forth facts sufficient to meet Plaintiff's modest factual burden at this point in the litigation. First, Plaintiff has attested to facts sufficient to allege that he was the subject a policy that violated the FLSA and NYLL. Plaintiff worked 6 days a week, more than 40 hours per week "most workweeks" between 2001 and 2016. Pl.'s Decl. ¶¶ 3-4. While

---

[2] In his Reply, Plaintiff argues that Defendants' Opposition is both untimely and procedurally improper, and the Court should refrain from considering it as a result. The Court in its discretion will consider Defendants' sparse Opposition.

9

working for Defendants, Plaintiff was paid hourly, beginning at around $12.50 per hour when he started and eventually being paid $28 per hour at the end of his employment. *Id*. ¶ 5. Plaintiff was paid his regular hourly rate for all hours worked, including those worked in excess of 40 per week, with his pay for all hours up to 40 being made by check, and pay for hours worked in excess of 40 being made in cash. *Id*. ¶ 7. Defendants required Plaintiff to complete and sign two time sheets for each pay period, one indicating that Plaintiff worked no more than 40 hours in a given week, and the other indicating the actual amount of hours Plaintiff worked in a given week. *Id*. ¶ 8.

Significantly, Plaintiff has also attested to facts sufficient to set forth that other employees of Defendants were subject to the same unlawful policy as was Plaintiff. This factual nexus is the heart of the Court's analysis when determining whether to conditionally certify a collective action. *See Fa Ting Wang*, 2015 WL 4603117, at *6; *see also Calderon*, 892 F. Supp. 2d at 459. According to Plaintiff, Defendants employed many other construction workers with whom Plaintiff worked, some of whom were "Lauro Lybycura, Kleber Lybycura, David George, Fernando Arias, Miguel, Luis Lybycura, Luis, Samuel, Morgan, Charlie, Carlos, Mickey, Umberto, Francisco, Jorge, Enrique, Tommy, [and] Billy." *Id*. ¶¶ 9-10. Plaintiff personally witnessed his co-workers working more than 40 hours each week because he worked with them. *Id*. ¶ 11. Moreover, he "know[s] that the other construction workers were subject to the same FLSA violations because they all completed and signed two separate time sheets." *Id*. ¶ 12. Plaintiff additionally states that he and his co-workers discussed among themselves the fact that Defendants paid them for all hours worked at their regular rates of pay and did not pay them time and one-half for hours worked in excess of 40 each week. *Id*. ¶ 13. Based on his "regular" discussions with them, Plaintiff states that he "knows [his] co-workers were not paid overtime

compensation at the rate of one-half times their regular rate of pay for all hours worked after 40 hours in a workweek." *Id*. ¶ 14.

These assertions are sufficient to meet Plaintiff's "lenient" evidentiary showing: they set forth a plausible factual nexus connecting Plaintiff and other specifically named employees of Defendants by way of Defendants' failure to pay each of them overtime wages. Moreover, Plaintiff's assertions are supported by information about how Plaintiff learned what he learned, as well as with copies of actual time sheets Plaintiff and other employees were allegedly forced to sign in furtherance of Defendants' unlawful policy. These facts are sufficient to support a grant of conditional certification as a collective action at this time.[3] *See Agonath v Interstate Home Loans Ctr., Inc*., 17-CV-5267, 2019 WL 1060627, at *4 (EDNY Mar. 6, 2019) ("Plaintiffs have sufficiently alleged and attested to a common compensation policy whereby Interstate's loan officers are uniformly deprived of overtime wages."); *Romero v. La Revise Assocs., L.L.C.*, 968 F. Supp. 2d 639, 646 (S.D.N.Y. 2013) ("The affidavit of a plaintiff attesting to the existence of similarly situated plaintiffs is sufficient for the purposes of a motion to approve a collective action."); *Rosario*, 828 F Supp 2d at 515 ("Courts regularly grant conditional certification of collective actions based on employee affidavits setting forth an employer's failure to pay minimum wage or overtime and identifying similarly situated employees by name."); *see Cano*, 2009 WL 5710143, at *6. The fact that Plaintiff has submitted just his own declaration in support of his motion is not, under these circumstances, fatal to his motion. Courts in this Circuit have consistently found, as is the case here, that the robust affidavit of a single employee is sufficient by itself to support a grant of conditional certification. *See Sharma v. Burberry Ltd*.,

---

[3] The Court also notes the paltry nature of Defendants' opposition. Apart from its procedural deficiencies, *see* Pl.'s Reply at 1, Defendants' four-page affirmation lacks much substance.

52 F. Supp. 3d 443, 452-53 (E.D.N.Y. 2014) (collecting cases). "Additionally, the fact that identification of potential class members [is] only [by] first name is not fatal to the motion." *Mendoza v. Little Luke, Inc.*, No. CV 14-3416, 2015 WL 5918580, at *7 (E.D.N.Y. Oct. 9, 2015) (citing *Hernandez v. Immortal Rise, Inc.,* 2012 WL 4369746, at *4 (E.D.N.Y. 2012)).

### B. The Notice of Pendency

#### 1. *Opt-In Notice Period*

The FLSA has a two-year statute of limitations, except in the case of willful violations for which the statute of limitations is three years. *See* 29 U.S.C. § 255(a). Plaintiff asserts that Defendants' violations of the FLSA were willful. However, Plaintiff seeks a notice period of six years prior to the filing of the Complaint in this action, because the state law claims over which this Court may exercise supplemental jurisdiction have a six-year limitations period. *See* Pl.'s Mem. at 7. In the Court's view, Plaintiff has proffered facts sufficient to support an inference of willfulness. *See Calderon*, 892 F. Supp. 2d at 462 ("The allegations contained in plaintiffs' Complaint concerning defendants' failure to provide their employees with proper overtime compensation are sufficient at this preliminary stage to warrant authorizing notice for a three-year period."). Significantly, Plaintiff has provided with his declaration what he claims are copies of the time sheets which Defendants directed him to complete in furtherance of their unlawful policy. The Court credits these time sheets as substantial evidence of willfulness.

Multiple courts in the Eastern District, including this Court, have held that in some circumstances where a case involves both NYLL and FLSA claims, it promotes judicial economy to send notice of the lawsuit to all potential plaintiffs at the same time even though some individuals may only have timely NYLL claims. *See D'Arpa v. Runway Towing Corp.,* No. 12-CV-1120, 2012 WL 6138481, at *1 (E.D.N.Y. Dec. 11, 2012)*; Lazo v.Queens Health

*Food Emporium, Inc.,* No. 11-CV-5848, 2012 WL 2357564, at *3 (E.D.N.Y. June 20, 2012); *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 59 (E.D.N.Y. 2011); *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 132 (E.D.N.Y. 2011); *Schwerdtfeger v. Demarchelier Mgmt, Inc.*, No. 10-CV-7557, 2011 WL 2207517, at *6 (S.D.N.Y. June 6, 2011); *Klimchak v. Cardrona, Inc.,* No. CV-09-4311, 2011 WL 1120463, at *7 (E.D.N.Y. Mar. 24, 2011)*; Cano*, 2009 WL 5710143, at *8. The Court takes note that in his declaration, Plaintiff Neris points out that "[a]t one time, Defendants employed approximately 25 other construction workers." Neris Decl. ¶ 9. The number of plaintiffs and potential plaintiffs does not appear to be very high. Given these factors, "it seems logical, efficient, and manageable to compel defendants' production of these names only once, if possible." *Cano,* 2009 WL 5710143, at *10. This Court finds persuasive the reasoning set forth by other courts which have applied a six-year period to determine who is eligible to receive the Notice of Pendency when the collective is not large. *See, e.g.*, *Garcia v Pancho Villa's of Huntington Vil., Inc.*, 678 F. Supp. 2d 89, 94-95 (E.D.N.Y. 2010); *Moore,* 276 F.R.D. at 60, *Moriera v. Sherwood Landscaping Inc.,* CV 13-2640, 2014 WL 12539653, at *10 (E.D.N.Y. Mar. 31, 2014); *Han v. Sterling Nat'l Mortgage Co., Inc.*, No. 09-CV-5589, 2011 WL 4344235, at *11 n.11 (E.D.N.Y. Sept. 14, 2011). Therefore, Defendants shall produce the names of potential members of the collective for the six-year period noted.

With respect to the calculation of the limitations period, courts often begin counting back from the date of the conditional certification order since the statute of limitations on FLSA claims continues to run until a plaintiff consents to join the action. *See* 29 U.S.C. § 256; *Ritz v. Mike Rory Corp.*, No. 12 Civ. 367, 2013 WL 1799974, at *3 (E.D.N.Y. 2013). "However, 'because equitable tolling issues often arise as to individual opt-in plaintiffs, courts frequently permit notice to be keyed to the [ ] period prior to the filing of the complaint, with the

13

understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date.'" *Gaspar*, 2014 WL 4593944, at *7 (quoting *Trinidad*, 962 F. Supp. 2d at 564 n.14); *see, e.g.*, *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012); *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 356 (E.D.N.Y. 2012); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011). The Court adopts the latter course here, and will permit notice to be keyed to the six-year period prior to the date the Complaint was filed – March 19, 2018. *See* DE 1.

Therefore, based on the foregoing discussion, the Court grants Plaintiff's motion for conditional certification as a collective action. The collective is designated as follows:

> All hourly construction workers employed by R.J.D. CONSTRUCTION, INC., or RICHARD J. DAILEY since March 19, 2012.

### 2. *Inclusion of Contact Information for Defendants' Counsel*

Defendants argue that their counsel's name, address, and telephone number should be placed conspicuously on the Notice of Pendency. *See* Defs.' Opp'n. at 4. Courts in this Circuit have come down on both sides of such requests. *Compare Moore*, 276 F.R.D. at 61 ("Defendants request that their counsel's name, address, and telephone number be included on the notice. I find this request to be reasonable, and such information is routinely included in notices of pendency.") (citing *Gjurovich*, 282 F. Supp. 2d at 108 and *Sobczak,* 540 F. Supp. 2d at 367), *with Iriarte*, 2008 WL 2622929, at *4 (noting that "language directing employees to plaintiff's counsel appears to be standard. Moreover, limiting the provision to plaintiff's counsel seems most appropriate under these circumstances, where those deciding to opt in are likely to be represented by plaintiff's counsel, and in any event certainly will not be represented by counsel for the defendant") (internal quotations and citations omitted).

It is not clear what purpose inclusion of the contact information for Defendants' counsel in the Notice of Pendency would serve. The Court therefore declines to Order that this information be included. However, the Court does think that a separate heading should be inserted on the notice, titled "Right to Retain Other Counsel." While Plaintiff's proposed Notice mentions that opt-ins need not be represented by Plaintiff's counsel and can proceed with counsel of their own choice or *pro se*, this information is not as conspicuous as it should be, as Defendants point out. *See* Defs.' Opp'n. at 4. Therefore, the Court directs that the proposed Notice be amended so that the two sentences on page (2) of the Notice addressing opt-in plaintiffs' rights to obtain other counsel or proceed *pro se* be moved from their current location and placed under a separate heading reading "RIGHT TO RETAIN OTHER COUNSEL," which will appear as Section (5), immediately following Section 4, titled "CONSENT TO JOIN FORM." *See Iriarte*, 2008 WL 2622929, at *4 ("[D]efendant's suggestion that an additional heading, 'Right to Retain Other Counsel,' adds clarity and should be included.").

### 3. *Submission of Opt-in Forms*

Plaintiff's proposed Notice instructs opt-ins to mail their completed form to Plaintiff's counsel. "Courts within this Circuit have split on whether the consent forms should be returned to the Clerk of the Court or to plaintiff's attorney." *Hotaranu v. Star Nissan Inc.*, 16 CV 5320, 2017 WL 1390808, at *6 (E.D.N.Y. Apr. 12, 2017) (quoting *Dilonez*, 35 F. Supp. 3d at 257). *Compare Arciello*, 2017 WL 4998074, at *7 ("Although courts in this Circuit are split on this issue, where the notice states that potential plaintiffs may select their own attorney, as the Proposed Notice does here, there is only a minimal risk that opt-in plaintiffs will be discouraged from seeking their own counsel."), and *Martin*, 2016 WL 30334, at *18 ("The majority of courts [ ] have directed opt-in plaintiffs to mail the consent forms to plaintiffs' counsel."), *and Dilonez*, 35 F. Supp. 3d at 257 ("[I]n light of the budgetary constraints and financial limitations faced by

the federal courts, the more practicable and efficient method of opting in is for the consent forms to be sent to plaintiffs' counsel."), *with Velasquez v. Digital Page, Inc.*, No. CV 11-3892, 2014 WL 2048425, at *14 (E.D.N.Y. May 19, 2014) ("The common practice in the Eastern District is to have opt-in plaintiffs send their consent forms to the Clerk of the Court rather than to plaintiffs' counsel."), *and Rosario*, 828 F. Supp. 2d at 521 (finding "inappropriate" a requirement to send opt-in forms to plaintiff's counsel because "such a procedure implicitly discourages opt-in plaintiffs from selecting other counsel"), *and Hanming Feng v. Soy Sauce LLC*, No. 15 CV 3058, 2016 WL 1070813, at *6 (E.D.N.Y. Mar. 14, 2016) ("[R]ecent cases in this district have suggested that [mailing opt-in forms to plaintiff's counsel] implicitly discourages opt-in plaintiffs from selecting other counsel.").

Having considered the case law in this Circuit on both sides of the issue and the policy concerns which underlie these decisions, the Court, in its discretion and consistent with its prior decisions, directs opt-in forms be mailed to the Clerk of the Court. **The Court is also directing the Clerk of the Court to redact the address and telephone number of each opt-in prior to filing the forms on ECF**. The Clerk's Office will need to retain the unredacted originals in order to provide them to Plaintiff's counsel.

### 4. *Production of Identifying Information*

Plaintiff's motion for conditional certification also seeks the "names, addresses, telephone numbers, and dates of employment of the current and former employees of Defendants who are potential plaintiffs in the collective action." Pl.'s Mem. at 8. Defendants oppose this application. Defs.' Opp'n. at 4. Courts within the Second Circuit typically grant this type of request when granting a motion for conditional certification of an FLSA collective action, and this Court finds that providing the information is appropriate within the context of this case. *See*

*Sexton v. Franklin First Fin., Ltd.*, No. 08-CV-04950, 2009 WL 1706535, at *13 (E.D.N.Y. June 16, 2009); *Bifulco v. Mortg. Zone, Inc.*, 262 F.R.D. 209, 216 (E.D.N.Y. 2009); *Hens v. ClientLogic Operating Corp.*, No. 05-CV-381S, 2006 WL 2795620, at *5 (W.D.N.Y. Sept. 26, 2006) (explaining that the name, last known mailing address, last known telephone number, work location, and dates of employment are "essential to identifying and notifying potential 'opt-in' plaintiffs, and should be disclosed"); *Sherrill v. Sutherland Glob. Servs., Inc.*, 487 F. Supp. 2d 344, 350 (W.D.N.Y. 2007) ("I agree that such information is essential to identifying prospective opt-in plaintiffs."); *Chowdhury v. Duane Reade, Inc.*, No. 06 CIV. 2295, 2007 WL 2873929, at *5 (S.D.N.Y. Oct. 2, 2007) ("When a court certifies a collective action, it may require an employer to disclose the names and addresses of potential plaintiffs."). Requiring Defendants to provide the requested information will not be "unduly burdensome or disruptive to defendant's business operations," especially with the relatively low number of potential opt-ins. *Sexton,* 2009 WL 1706535, at * 13; *see Bifulco,* 262 F.R.D. at 216 ("In selecting the manner of issuing the notice, this court must strike the appropriate balance in ensuring notification to the [opt-in plaintiffs] while minimizing disturbance to [defendant's] business.") (quoting *Hallissey v. Am. Online, Inc.*, No. 99-CIV-3785, 2008 WL 465112, at *3 (S.D.N.Y. Feb. 19, 2008)). Accordingly, Defendants shall provide the names, last known mailing addresses, last known telephone numbers, and dates of employment of all potential opt-ins to the extent they have this information. Defendants are not required and shall not provide social security number or dates of birth. Defendants shall provide this information to Plaintiff's counsel within 21 days of this Order.

5. ***Equitable Tolling***

Plaintiff "respectfully requests that the Court exercise its discretion to equitably toll the limitations period in order 'to avoid inequitable circumstances.'" Pl.'s Reply at 3 (quoting

17

*Yahraes v. Restaurant Assocs. Events Corp.*, 2011 WL 844963, at *1-2 (E.D.N.Y. Mar. 8, 2011)). Pursuant to 29 U.S.C. Section 256(b), the statute of limitations applicable to a plaintiff's claim continues to run until he or she has filed a written consent with the court to join the lawsuit. However, "[a] district court may toll the limitations period to avoid inequitable circumstances." *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170 (S.D.N.Y. 2014) (citing *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. New York City Transit Authority*, 333 F. 3d 74, 80-81 (2d Cir. 2003) (quoting *Chapman*, 288 F. 3d at 512). Courts in the Second Circuit "have permitted equitable tolling while the motion for conditional certification is before the court." *Fa Ting Wang*, 2015 WL 4603117, at *14 (citing *Robles*, 2013 WL 6684954, at *13); *McGlone*, 867 F. Supp. 2d at 445 (finding that potential plaintiffs "whose putative class representatives and their counsel are diligently and timely pursuing the claims should also not be penalized due to the courts' heavy dockets and understandable delays in rulings").

In light of the length of time that has passed since the instant motion was filed, and the diligence of Plaintiff's counsel in pursuing certification (the instant motion was filed less than two months after the Complaint), the Court is granting equitable tolling from the date the motion was filed. *See Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 188 (E.D.N.Y. 2015) (citing *Kassman v. KPMG LLP*, 11–CV–3743, 2015 WL 5178400, at *8 (S.D.N.Y. Sept. 4, 2015)).

### 6. *Circulation of the Notice in English and Spanish*

Plaintiff requests that the Notice of Pendency be circulated in both English and Spanish. *See* Pl.'s Mem. at 7-8. "Generally, courts permit notice to be 'translated into the mother tongue of non-English speaking groups of potential plaintiffs.'" *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 76 (E.D.N.Y. 2016) (quoting *Colon v. Major Perry Street Corp.*, 2013 WL 3328223, at *8 (S.D.N.Y. 2013)). Accordingly, the Notice of Pendency shall be circulated in both English and Spanish.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for conditional certification as an FLSA collective action pursuant to Section 216(b) is GRANTED in accordance with this Memorandum and Order.

The Court is setting this matter down for an in-person conference on June 13, 2019 at 11 a.m. which will give counsel time to circulate the Notice of Pendency and receive any opt-in responses. At that point, further discovery will be scheduled and counsel should be prepared to discuss the calendar at the conference. To the extent that there are any other outstanding issues at this time, counsel should submit a brief letter to the Court outlining what else needs to be addressed.

**SO ORDERED.**

Dated: Central Islip, New York
      March 29, 2019

                                            /s/ A. Kathleen Tomlinson
                                            A. KATHLEEN TOMLINSON
                                            U.S. Magistrate Judge