UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
EDGAR NERIS, on behalf of himself and all
other persons similarly situated,

                            Plaintiff,

                   Docket No.: 18-cv-01701
      -against-                  (ADS) (AKT)

R.J.D. CONSTRUCTION, INC. and
RICHARD J. DAILEY, individually,

                            Defendants.
-------------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

        This Settlement Agreement and Release (the "Agreement") is entered into by and among Plaintiff EDGAR NERIS and opt-in Plaintiffs MIGUEL ROMERO LOPEZ, LAURO LLIVICURA, and JORGE CABRERA (collectively as "Plaintiffs"), on the one hand, and Defendants R.J.D. CONSTRUCTION, INC. and RICHARD J. DAILEY, individually (collectively as "Defendants") (Plaintiffs and Defendants together as the "Parties"), on the other hand.

        **WHEREAS**, a dispute has arisen regarding Plaintiff's employment and the terms thereof, which has resulted in the filing of an action in the United States District Court for the Eastern District of New York, styled as *EDGAR NERIS, on behalf of himself and all other persons similarly-situated v. R.J.D. CONSTRUCTION, INC. and RICHARD J. DAILEY, individually*, E.D.N.Y. Docket No.: 18-cv-01701 (ADS) (AKT), alleging, among other things, violations of federal and state wage and hour laws pertaining to overtime, failure to provide wage notices at their times of hire pursuant to NYLL § 195(1), and failure to provide accurate wage statements pursuant to NYLL § 195(3); and

        **WHEREAS**, the parties desire to fully and finally resolve all disputes between them without the necessity of further litigation;

        **NOW, THEREFORE, IT IS STIPULATED AND AGREED AS FOLLOWS:**

    1.     **Consideration:**

        In consideration of the covenants and promises herein contained and other good and valuable consideration, including the release of all wage and hour claims against the Company as set forth in Paragraph 3 below, it is hereby agreed that the Company will provide Plaintiffs with settlement payments in the total amount of One Hundred Five Thousand Dollars and Zero Cents ($105,000.00) (hereinafter the "Settlement Sum"), as follows:

1

   a. Defendants shall pay the settlement sum in forty-eight (48) monthly installment payments as set out in Exhibit A. The first set of installment payments shall be delivered to Plaintiffs' counsel, as described in Paragraph 1(d), within 14 days of the Court's approval of this settlement agreement. Each of the remaining monthly installment payments shall be delivered to Plaintiffs' counsel, as described in Paragraph 1(d), on the first day of each subsequent month after the first monthly installment payment is due.

   b. Defendants shall issue the Plaintiffs their respective IRS Form W-2 for that portion of installment payments from which taxes or deductions will be withheld and IRS Form 1099 for that portion of installment payments from which no taxes or deductions will be withheld as described in Exhibit A.

   c. Checks to Plaintiffs' counsel shall be made payable to "Law Office of Peter A. Romero PLLC" in installment payments totaling $35,814.37, consisting of $34,592.82 for attorneys' fees and $1,221.55 for litigation expenses, from which no taxes or deductions will be withheld. The Company shall issue Plaintiffs and the Law Office of Peter A. Romero PLLC an IRS Form 1099 with respect to such payments.

   d. All settlement payments shall be delivered to the Law Office of Peter A. Romero PLLC, 825 Veterans Highway, Suite B, Hauppauge, NY 11788; and

   e. Plaintiffs agree that they are solely responsible for any applicable taxes, penalties, interest, or other amounts due in connection with the payment of any sum pursuant to IRS Form 1099, except for any employer payroll taxes and deductions from any portion of this settlement that may be deemed to be wages by any Court or taxing authority.

   2. **Motion for Approval and Stipulation of Dismissal:** The Parties shall work together to jointly file a motion seeking the Court's approval of this Agreement. Prior to submitting the motion for approval, counsel for the parties shall execute a proposed Stipulation of Dismissal with Prejudice, attached to this Agreement as Exhibit B, which shall be submitted with the motion for approval, as well as any other Stipulation of Dismissal as the Court may direct the parties to execute to in order to effect dismissal of this action.

   3. **Release and Covenant Not To Sue between Plaintiffs and Defendants:** In consideration for the foregoing, the Plaintiffs, on behalf of themselves and their dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, do hereby knowingly, voluntarily, unconditionally and irrevocably waive, release and forever discharge the Defendants and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future, from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising solely under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, as amended, and related regulations, and the New York Labor Law and related regulations promulgated by the New York State Commissioner of Labor, for alleged unpaid overtime compensation, failure to provide required wage statements, failure to provide a wage

notice at their times of hire, liquidated damages, interest related to these wages, costs, penalties and attorneys' fees in connection with these claims, from the beginning of Plaintiffs' employment with Defendants to the date of Plaintiffs' execution of this Agreement, except for any claims arising out of this Agreement.

4.    **Confessions of Judgement:**  Concurrently with the execution of this Agreement, Defendants shall each execute an affidavit of confession of judgment ("Confessions of Judgment") in the forms annexed hereto as Exhibits C-D.  The Parties hereby acknowledge and agree that:

a.    Defendants, or their counsel, shall deliver the 'wet-ink' original Confessions of Judgment to counsel for Plaintiffs within five days of their signature of this Agreement. Defendants expressly acknowledge and agree that the failure to timely deliver a Confession of Judgment to counsel for Plaintiffs within five days of each Defendant's signature of this Agreement shall constitute a material breach of this Agreement.  In the event of such a breach, the Parties agree that Plaintiffs will be irreparably harmed and therefore Plaintiffs shall be entitled to immediately bring suit against Defendants for the default of any Defendant for liquidated damages in their full share of One Hundred Eighty-Three Thousand Seven Hundred Fifty Dollars and Zero Cents ($183,750.00), crediting all payments made under this Agreement.  Furthermore, in addition to any other remedies provided under this Agreement, should Plaintiffs commence a lawsuit based on any Defendant's breach of this Agreement, including but not limited to the failure by any Defendant to timely deliver the Confessions of Judgment to counsel for Plaintiffs under this Paragraph 4(a), then Plaintiffs shall also be entitled to recover from Defendants all costs and reasonable attorneys' fees incurred by Plaintiffs after Defendants' breach.

b.    The Confessions of Judgment will be held in escrow by Plaintiffs' counsel, and will not be filed with the Court unless Defendants, or any Defendant, fails to timely pay Plaintiffs or Plaintiffs' counsel any portion of the Settlement Payment as set forth above or the Accelerated Payment as set forth in Paragraph 5 ("Default"), and Defendants fail to "timely" cure such Default. For purposes of this Agreement, a cure shall be "timely" if it is made within ten (10) days of Plaintiffs' mailing of written notice of said Default to the respective Defendants ("Notice of Default").  Should Defendants commit a Second Default before full payment is made, then all future payments due to Plaintiffs and Plaintiffs' counsel under this Agreement shall be deemed time of the essence, and Plaintiffs and Plaintiffs' counsel shall be entitled to immediately file with the Court the Defendants' Confessions of Judgment without further notice to the Signatory Defendants.

c.    The Notice of Default shall be delivered to Defendants via their counsel James J. O'Rourke, Esq., via email at jamesjorourke@yahoo.com, and via USPS First Class Mail to James J. O'Rourke & Associates, PLLC, 453 Veterans Highway, Smithtown, New York 11787.  Service of the Notice of Default by email and First Class Mail shall constitute receipt by Defendants of the Notice of Default.  Should Plaintiffs or their attorneys file any of the Confessions of Judgment in Court, Plaintiffs, through their attorneys, shall also file a Partial Satisfaction of Judgment crediting Defendants with any payments made to Plaintiffs under this Agreement.

d.       Defendants shall be liable in their Confessions of Judgment, if filed in Court, up to One Hundred Eighty-Three Thousand Seven Hundred Fifty Dollars and Zero Cents ($183,750.00), crediting all payments made under this Agreement.

5.       **Acceleration of Payments in Event of Sale of Real Property:**  Defendant Richard J. Dailey acknowledges his ownership of the real property located at 4 Thornton Drive, Northport, New York 11768 (hereinafter "Dailey Property").  Defendant Dailey agrees that in the event of the sale of the Dailey Property, Defendant Dailey agrees to accelerate the payment schedule for the Settlement Sum and remit payment of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) to Plaintiffs and Plaintiffs' counsel within thirty (30) days of the closing date for the sale of the Dailey Property (hereinafter the "Accelerated Payment").  If the remaining amount of the Settlement Sum due at the time of the Accelerated Payment is less than the Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) owed under this paragraph, Defendant Dailey agrees to pay the full remaining Settlement Sum within thirty (30) days of the closing date for the sale of the Dailey Property.  If the remaining amount of the Settlement Sum due at the time of the Accelerated Payment is more than the Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) owed under this paragraph, Defendants agree to continue payment of the monthly installment payments as set forth under Paragraph 2 until the full Settlement Sum is paid.

6.       **No Admission of Wrongdoing:**  This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, common law claim, duty, contract, right or order.

7.       **Employment References:**  Any request for a reference with respect to Plaintiffs will be referred to Richard J. Dailey.  The Company will limit any response to confirming Plaintiffs' title and dates of employment, and shall further state that in accordance with Defendants' policy, no further information can be provided beyond this neutral reference.

8.       **Acknowledgments:**

a.       Plaintiffs acknowledge that they have been fully and fairly represented by counsel in this matter.  Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

b.       Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement.

9.       **Governing Law:**  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, except for the release provision, and then the remainder of this Agreement will remain in full force and effect.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York or the Supreme Court of the State of New York, Counties of Nassau and Suffolk, in any subsequent proceeding to

4

enforce this Agreement.   Subject to the Court's approval, the presiding Court shall retain jurisdiction over any dispute arising out of this settlement agreement.

10.     **Interpretation:**  This Agreement shall be deemed to have been jointly drafted, and no provision herein shall be interpreted or construed for or against any party because such party drafted or requested such provision, or this Agreement as a whole, or because any language is deemed ambiguous.

11.     **Breach:**  In any action or proceeding to enforce this agreement in the event of a breach by any party of any provision, the prevailing party in any such action shall be entitled to costs and disbursements and reasonable attorneys' fees related to such an action.  As such, the prevailing party shall be permitted to make an application to the court for costs and disbursements and reasonable attorneys' fees, which shall be awarded in amounts deemed appropriate by the court.  The prevailing party in such a dispute shall also be entitled to recover their reasonable attorneys' fees, costs, and disbursements related to preparing and filing their application for attorneys' fees and costs.

12.     **Sole and Entire Agreement:**  This Agreement sets forth the entire agreement between the parties in this matter and fully supersedes any and all prior agreements or understandings pertaining to this matter whether oral or written which may have existed between the parties.  There are no representations, warranties, understandings or agreements other than those expressly set forth in this Agreement.

13.     **Modification:**  This Agreement may not be modified, altered or changed except by a writing signed by all Parties.

14.     **Counterparts:**  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  Photocopied, electronic signatures via DocUSign, and/or facsimile signatures and PDF copies of this agreement and any counterparts shall be deemed originals for all purposes.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:


Dated:          January __, 2020


_____
EDGAR NERIS


5

Dated:        January __, 2020

_____

MIGUEL ROMERO LOPEZ

Dated:        January __, 2020

_____

LAURO LLIVICURA

Dated:        January __, 2020

_____

JORGE CABRERA

Dated:        January __, 2020

R.J.D. CONSTRUCTION, INC.

By:_____

Name: _____

Title: _____

Dated:        January __, 2020

_____

RICHARD J DAILEY

# **Exhibit A**

| Payment | Tax Treatment | Edgar Neris | Miguel Romero Lopez | Lauro Llivicura | Jorge Cabrera | Law Office of Peter A. Romero PLLC (All Payments Pursuant to IRS Form 1099) | Total Payment |
|---|---|---|---|---|---|---|---|
| 1 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 2 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 3 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 4 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 5 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 6 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 7 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 8 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 9 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 10 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 11 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 12 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 13 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 14 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 15 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 16 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 17 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 18 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 19 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 20 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.79 | $492.53 | $746.14 | $2,187.50 |
| 21 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.80 | $492.53 | $746.13 | $2,187.50 |
| 22 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.80 | $492.53 | $746.13 | $2,187.50 |
| 23 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.80 | $492.53 | $746.13 | $2,187.50 |
| 24 | Pursuant to IRS Form W-2 | $277.68 | $370.36 | $300.80 | $492.53 | $746.13 | $2,187.50 |
| 25 | Pursuant to IRS Form 1099 | $277.68 | $370.36 | $300.80 | $492.53 | $746.13 | $2,187.50 |
| 26 | Pursuant to IRS Form 1099 | $277.68 | $370.36 | $300.80 | $492.53 | $746.13 | $2,187.50 |
| 27 | Pursuant to IRS Form 1099 | $277.68 | $370.36 | $300.80 | $492.53 | $746.13 | $2,187.50 |
| 28 | Pursuant to IRS Form 1099 | $277.68 | $370.36 | $300.80 | $492.53 | $746.13 | $2,187.50 |
| 29 | Pursuant to IRS Form 1099 | $277.68 | $370.36 | $300.80 | $492.53 | $746.13 | $2,187.50 |
| 30 | Pursuant to IRS Form 1099 | $277.68 | $370.36 | $300.80 | $492.53 | $746.13 | $2,187.50 |
| 31 | Pursuant to IRS Form 1099 | $277.68 | $370.36 | $300.80 | $492.53 | $746.13 | $2,187.50 |
| 32 | Pursuant to IRS Form 1099 | $277.68 | $370.36 | $300.80 | $492.53 | $746.13 | $2,187.50 |
| 33 | Pursuant to IRS Form 1099 | $277.68 | $370.36 | $300.80 | $492.53 | $746.13 | $2,187.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 34 | Pursuant to IRS Form 1099 | $277.68 | $370.36 | $300.80 | $492.53 | $746.13 | $2,187.50 |
| 35 | Pursuant to IRS Form 1099 | $277.68 | $370.36 | $300.80 | $492.53 | $746.13 | $2,187.50 |
| 36 | Pursuant to IRS Form 1099 | $277.68 | $370.36 | $300.80 | $492.53 | $746.13 | $2,187.50 |
| 37 | Pursuant to IRS Form 1099 | $277.68 | $370.36 | $300.80 | $492.53 | $746.13 | $2,187.50 |
| 38 | Pursuant to IRS Form 1099 | $277.68 | $370.36 | $300.80 | $492.54 | $746.12 | $2,187.50 |
| 39 | Pursuant to IRS Form 1099 | $277.68 | $370.36 | $300.80 | $492.54 | $746.12 | $2,187.50 |
| 40 | Pursuant to IRS Form 1099 | $277.68 | $370.36 | $300.80 | $492.54 | $746.12 | $2,187.50 |
| 41 | Pursuant to IRS Form 1099 | $277.67 | $370.36 | $300.80 | $492.54 | $746.13 | $2,187.50 |
| 42 | Pursuant to IRS Form 1099 | $277.67 | $370.36 | $300.80 | $492.54 | $746.13 | $2,187.50 |
| 43 | Pursuant to IRS Form 1099 | $277.67 | $370.36 | $300.80 | $492.54 | $746.13 | $2,187.50 |
| 44 | Pursuant to IRS Form 1099 | $277.67 | $370.36 | $300.80 | $492.54 | $746.13 | $2,187.50 |
| 45 | Pursuant to IRS Form 1099 | $277.67 | $370.37 | $300.80 | $492.54 | $746.12 | $2,187.50 |
| 46 | Pursuant to IRS Form 1099 | $277.67 | $370.37 | $300.80 | $492.54 | $746.12 | $2,187.50 |
| 47 | Pursuant to IRS Form 1099 | $277.67 | $370.37 | $300.80 | $492.54 | $746.12 | $2,187.50 |
| 48 | Pursuant to IRS Form 1099 | $277.67 | $370.37 | $300.80 | $492.54 | $746.12 | $2,187.50 |
| | Totals | $13,328.56 | $17,777.32 | $14,438.20 | $23,641.55 | $35,814.37 | $105,000.00 |

# **Exhibit B**

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
EDGAR NERIS, on behalf of himself and all
other persons similarly situated,

                              Plaintiff,

                                                        Docket No.: 18-cv-01701
            -against-                                   (ADS) (AKT)

R.J.D. CONSTRUCTION, INC. and
RICHARD J. DAILEY, individually,

                              Defendants.
-------------------------------------------------------------------------X

## STIPULATION OF DISMISSAL WITHOUT PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff EDGAR NERIS

and opt-in Plaintiffs MIGUEL ROMERO LOPEZ, LAURO LLIVICURA, and JORGE

CABRERA (collectively as "Plaintiffs"), and Defendants R.J.D. CONSTRUCTION, INC. and

RICHARD J. DAILEY, individually (collectively as "Defendants"), by and through their

undersigned counsel, that in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

Procedure, subject to the Court's signature and entry of this stipulation, that the Complaint in the

above-captioned action and all claims alleged therein be dismissed with prejudice, with each party

to bear their own fees and costs.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed

in counterparts with scanned PDF or facsimile signatures treated as originals.

LAW OFFICE OF PETER A. ROMERO PLLC    JAMES  J.  O'ROURKE  &  ASSOCIATES, PLLC


_____                 _____
Peter A. Romero, Esq.                          James J. O'Rourke, Esq.
*Attorneys for Plaintiffs*                     *Attorneys for Defendants*
825 Veterans Highway, Suite B           453 Veterans Highway
Hauppauge, New York 11788            Smithtown, New York 11787
Tel.: (631) 257-5588                         Tel.: (631) 361-3400

Dated:  January ___, 2020               Dated:  January ___, 2020

**SO ORDERED:**


_____
Hon. Arthur D. Spatt, U.S.D.J.


Dated: _____, 2020

10

# **Exhibit C**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDGAR NERIS, on behalf of himself and all
other persons similarly situated,

                Plaintiff,

         -against-

R.J.D. CONSTRUCTION, INC. and
RICHARD J. DAILEY, individually,

                Defendants.
------------------------------------------------------------------------X

Docket No.: 18-cv-01701
(ADS) (AKT)

**AFFIDAVIT FOR JUDGMENT BY CONFESSION**

STATE OF NEW YORK   )
                  )ss:
COUNTY OF _____ )

R.J.D. CONSTRUCTION, INC., through its owner and President, RICHARD J. DAILEY, being duly sworn, deposes and says:

1.     R.J.D. CONSTRUCTION, INC., resides at and has its principal place of business at _____, County of _____, State of New York.

2.     R.J.D. CONSTRUCTION, INC. is a signatory to and bound by a Settlement Agreement entitled Settlement Agreement and Release, dated as of July ___, 2019 ("Settlement Agreement") which, by its terms, authorizes the entry of Judgment by Confession.

3.     R.J.D. CONSTRUCTION, INC., and any future successors in interest, jointly and severally, hereby confesses judgment in favor of Plaintiff EDGAR NERIS and opt-in Plaintiffs MIGUEL ROMERO LOPEZ, LAURO LLIVICURA, and JORGE CABRERA (collectively as "Plaintiffs"); and, attorney for the Plaintiffs, Peter A. Romero, Esq. (as principal of the Law Office of Peter A. Romero PLLC) ("Romero"), for the total gross sum of One Hundred Eighty-Three

1

Thousand Seven Hundred Fifty Dollars and Zero Cents ($183,750.00) as set forth in Paragraph 4

of the Settlement Agreement, and hereby authorizes the Plaintiffs, and Romero, or their heirs,

executors, administrators, or assigns to enter judgment for that sum, against R.J.D.

CONSTRUCTION, INC.

        4.      This Confession of Judgment is for a debt justly due to Plaintiffs and Romero

arising out of the following facts.

        a.   Plaintiffs initiated an action in the United States District Court, Eastern District of New York, Docket No.: 18-cv-01701 (ADS) (AKT), alleging, *inter alia*, violations under the Fair Labor Standards Act and the New York State Labor Law (the "Federal Action");

        a.   By the terms of the Settlement Agreement, Defendant R.J.D. CONSTRUCTION, INC., jointly and severally, promises to pay Plaintiffs and Romero the total gross sum of One Hundred Eighty-Three Thousand Seven Hundred Fifty Dollars and Zero Cents ($183,750.00) as set forth in Paragraph 4 of the Settlement Agreement.

        b.   R.J.D. CONSTRUCTION, INC., and any successor in interest, is jointly and severally liable for payments due, as set forth in Paragraphs 1 and 4 of the Settlement Agreement, to the Plaintiffs (in the Federal Action) and their attorney, Romero, as hereinabove provided.

        7.      This Affidavit for Judgment by Confession shall be held in escrow by Plaintiffs'

attorney, Romero, and not entered unless and until a default has occurred hereunder, and ten (10)

days' written notice in the event of a Default to James J. O'Rourke, Esq., via email at

jamesjorourke@yahoo.com, and via USPS First Class Mail to James J. O'Rourke & Associates,

PLLC, 225 Brooksite Drive, Hauppauge, New York 11788, has been given, as required by the Settlement Agreement, and such default having not been cured.  In the event that any of the Defendants commit a second default before full payment is made, then all future payments due under this Agreement shall be deemed time of the essence, and Plaintiffs and Plaintiffs' counsel shall be entitled to immediately file with the Court this Confession of Judgment against all Defendants without further notice to Defendants.

8.      R.J.D. CONSTRUCTION, INC. understands that a failure to make any required payment or any portion of such required payment by any Defendant will result in a default and if the default is not cured within ten (10) days' written notice, or if any Defendant commits a second default, as described above, that this confession of judgment will be entered in the clerk's office.

9.      Upon payment in full of all sums due to Plaintiffs and Romero, the judgment to be entered herein shall be satisfied as of record, and this Affidavit of Judgment by Confession shall be null and void.

10.      This Confession of Judgment is not for the purpose of securing the Plaintiffs against a contingent liability.

R.J.D. CONSTRUCTION, INC.

By:      _____
RICHARD J. DAILEY

Title: _____

Dated: January ____, 2020

3

# **<u>Exhibit D</u>**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
EDGAR NERIS, on behalf of himself and all
other persons similarly situated,

                    Plaintiff,

              -against-

R.J.D. CONSTRUCTION, INC. and
RICHARD J. DAILEY, individually,

                  Defendants.
-----------------------------------------------------------------------X

Docket No.: 18-cv-01701
(ADS) (AKT)

## AFFIDAVIT FOR JUDGMENT BY CONFESSION

STATE OF NEW YORK    )
                              )ss:
COUNTY OF _____ )

      RICHARD J. DAILEY, being duly sworn, deposes and says:

      1.      I reside at _____, County of _____, State of New York _____.

      2.      I am a signatory to and bound by a Settlement Agreement entitled Settlement Agreement and Release, dated as of January ___, 2020 ("Settlement Agreement") which, by its terms, authorizes the entry of Judgment by Confession.

      3.      I, jointly and severally, hereby confess judgment in favor of Plaintiff EDGAR NERIS and opt-in Plaintiffs MIGUEL ROMERO LOPEZ, LAURO LLIVICURA, and JORGE CABRERA (collectively as "Plaintiffs"); and, attorney for the Plaintiffs, Peter A. Romero, Esq. (as principal of the Law Office of Peter A. Romero PLLC) ("Romero"), for the total gross sum of One Hundred Eighty-Three Thousand Seven Hundred Fifty Dollars and Zero Cents ($183,750.00), as set forth in Paragraphs 4 of the Settlement Agreement, and hereby authorize the Plaintiffs, and

Romero, or their heirs, executors, administrators, or assigns to enter judgment for that sum, against me.

4.      This Confession of Judgment is for a debt justly due to Plaintiffs and Romero arising out of the following facts.

      a.   Plaintiffs initiated an action in the United States District Court, Eastern District of New York, Docket No.: 18-cv-01701 (ADS) (AKT), alleging, *inter alia*, violations under the Fair Labor Standards Act and the New York State Labor Law (the "Federal Action");

      a.   By the terms of the Settlement Agreement, I promise to pay Plaintiffs and Romero my share of the total gross sum of One Hundred Eighty-Three Thousand Seven Hundred Fifty Dollars and Zero Cents ($183,750.00), as set forth in Paragraph 4 of the Settlement Agreement.

      b.   I am liable for payments due, as set forth in Paragraphs 1, 4 and 5 of the Settlement Agreement, to the Plaintiffs (in the Federal Action) and their attorney, Romero, as hereinabove provided.

7.      This Affidavit for Judgment by Confession shall be held in escrow by Plaintiffs' attorney, Romero, and not entered unless and until a default has occurred hereunder, and ten (10) days' written notice in the event of a Default to James J. O'Rourke, Esq., via email at jamesjorourke@yahoo.com, and via USPS First Class Mail to James J. O'Rourke & Associates, PLLC, 225 Brooksite Drive, Hauppauge, New York 11788, has been given, as required by the Settlement Agreement, and such default having not been cured.  In the event that I commit a second default before full payment is made, then all future payments due under this Agreement shall be

2

deemed time of the essence, and Plaintiffs and Plaintiffs' counsel shall be entitled to immediately

file with the Court this Confession of Judgment without further notice to me.

8.      I understand that a failure to make any required payment or any portion of such

required payment, including the Accelerated Payment as set forth in the Agreement, by any

Defendant will result in a default and if the default is not cured within ten (10) days' written notice,

or if I commit a second default, as described above, that this confession of judgment will be entered

in the clerk's office.

9.      Upon payment in full of all sums due to Plaintiffs and Romero, the judgment to be

entered herein shall be satisfied as of record, and this Affidavit of Judgment by Confession shall

be null and void.

10.     This Confession of Judgment is not for the purpose of securing the Plaintiffs against

a contingent liability.


By:      _____
         RICHARD J. DAILEY


         Dated: January _____, 2020


On _____, 2019, before me personally came RICHARD J. DAILEY, known to
me to be the individual described herein, and who executed the foregoing Affidavit for Confession
by Judgment, and duly acknowledged to me that he executed same.


_____
Notary Public


3